854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne L. ABNER, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 87-3558.
 United States Court of Appeals, Federal Circuit.
 July 18, 1988.
 
 Before MARKEY, Chief Judge, DAVIS* and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. SL07528710169, denying Wayne L. Abner's (Abner's) petition for review of an initial decision dismissing his appeal in view of settlement, is affirmed.
 
 OPINION
 
 2
 Abner offered no evidence in his petition for review to support his claim that his prior attorney undertook to settle the case without Abner's knowledge or consent. That Abner's signature was not on the letter withdrawing his appeal is not such evidence. Abner is bound by the actions of his prior attorney, who did sign the letter. See Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437-8 (Fed.Cir.1986). Abner's unsubstantiated allegations do not establish "new and material evidence" for which the board may grant petitions for review. 5 C.F.R. Sec. 1201.115(a) (1987). Abner has not shown, therefore, that the settlement is tainted with invalidity such that the board's refusal to vacate it constituted an abuse of discretion. Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982).
 
 
 3
 If, as Abner alleges, the Department of the Army (agency) breached the settlement agreement, Abner's recourse, if any, is an action to enforce the agreement, not an attempt to withdraw it. See Todd v. Department of Army, 35 M.S.P.R. 67, 69 (1987).
 
 
 4
 We affirm the board's dismissal because we do not find that decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Asberry, 692 F.2d at 1380 & n. 2.
 
 
 
 *
 DAVIS, Circuit Judge, who died on June 19, 1988, participated in the consideration of this case but took no part in the decision