991 F.2d 810
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mercedes P. SAYSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3448.
 United States Court of Appeals, Federal Circuit.
 March 12, 1993.
 
 Before RICH, LOURIE and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mercedes P. Sayson petitions, on behalf of her deceased husband Matias A. Sayson,* for review of the January 21, 1992 initial decision of the Administrative Judge (AJ), Docket No. SE0831910595-I-1, which dismissed as untimely filed Sayson's appeal of a final decision issued by the Office of Personnel Management (OPM) on August 28, 1989. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on April 21, 1992, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 In its August 28, 1989 final decision, OPM affirmed an April 15, 1982 OPM decision holding that Sayson was not entitled to annuity benefits under the Civil Service Retirement System (CSRS). OPM clearly informed Sayson in its final decision that there was a twenty-five day time limit for filing an appeal of OPM's final decision to the Board. OPM also provided Sayson with instructions for filing such an appeal. [A12-14]
 
 
 3
 Sayson did not appeal OPM's final decision to the Board, however, until September of 1991, more than two years after the decision issued. Upon receipt of Sayson's untimely appeal, the AJ informed Sayson in an Order dated September 27, 1991 that Sayson had the burden of proof on timeliness. The AJ ordered Sayson to file "evidence and argument showing that [the] appeal was timely filed or that good cause existed for the delay." [A33] In a letter dated October 4, 1991, Sayson acknowledged the AJ's Order, but provided no explanation as to the untimeliness of the appeal. Instead, Sayson simply argued the merits as to whether Sayson was entitled to CSRS annuity benefits.
 
 
 4
 On November 1, 1991, the AJ issued a second Order indicating that it had not received any response from OPM to the AJ's first Order. OPM responded, in a letter dated November 6, 1991, by requesting that the AJ dismiss Sayson's appeal as untimely. In a letter dated November 12, 1991, Sayson requested that the AJ waive the regulatory time limit for filing an appeal, arguing that OPM would not be prejudiced by doing so. Sayson failed again, however, to present any arguments or evidence to justify the untimely filing of the appeal.
 
 
 5
 Because of Sayson's failure to set forth any explanation regarding the two year delay in appealing OPM's final decision, the AJ dismissed Sayson's appeal as untimely in its January 21, 1992 decision. Sayson's February 21, 1991 petition for review of the AJ's decision also failed to provide any explanation for the untimeliness of the appeal. Therefore, the Board justifiably denied review of the AJ's Decision on April 21, 1992.
 
 
 6
 In Sayson's appeal to this court, Sayson once more argues the underlying merits as to Sayson's alleged entitlement to CSRS benefits, instead of providing any explanation regarding the untimeliness of the appeal. Sayson states in pertinent part that:
 
 
 7
 the main issue of the petition for judicial review is not the final decision of the Board dismissing the appeal of the Petitioner, but the OPM final decision [as to] whether or not the Petitioner is entitled to an annuity under the Civil Service Retirement Act. [Informal Brief, pg. 4]
 
 
 8
 Contrary to Sayson's assertions, the underlying issue as to whether OPM erred in denying Sayson's claim for CSRS annuity benefits is not before this court. Rather, this court is faced with the narrow issue of whether the AJ erred in dismissing Sayson's appeal for untimeliness. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986).
 
 
 9
 The Board has broad discretion in deciding whether or not to waive the regulatory time limit for filing an appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). In addition, this court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC § 7703(c) (1988). No such grounds are present here. Sayson has failed repeatedly to present any justification for the two year delay in appealing OPM's decision, and therefore, we affirm the decision below.
 
 
 
 *
 For purposes of this opinion, "Sayson" refers to both Matias A. Sayson, now deceased, and Mercedes P. Sayson, his widow