864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
B. Louise WALLACE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3363.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1988.
 
 Before MARKEY, Chief Judge, RICH and EDWARD S. SMITH, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 This appeal is from the decision of the Merit Systems Protection Board (board), Docket No. DA831L8610329, dismissing Wallace's petition for review of the board's initial decision because the petition seeking disability retirement benefits was untimely. We affirm.
 
 OPINION
 
 2
 The sole issue is whether the board's decision not to waive the thirty-five day time limit for filing a petition for review was arbitrary, an abuse of discretion, or otherwise not in accordance with law. See 5 USC 7703(c).
 
 
 3
 Petitioner argues that the board erroneously concluded that her attorney's negligence was not "good cause" for the untimely filing. 5 CFR 1201.114(f). We disagree. As explained by the Supreme Court:
 
 
 4
 There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation....
 
 
 5
 Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962). Moreover, as we stated in Rowe v. Merit Systems Protection Board, 802 F.2d 434, 438 (Fed.Cir.1986), "[Petitioner] had a personal duty to monitor the progress of [her] appeal at all times and not leave it entirely to [her] attorney." Here, a copy of the board's initial decision was mailed directly to petitioner. It informed her in no uncertain terms that the decision would become final on September 5, 1986, unless a petition for review was filed by that date. Petitioner's contention that she should bear no responsibility for the fifteen-month delay is without merit.