868 F.2d 1278
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Christopher L. WILLIAMS, Petitioner,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent.
 No. 88-3309.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1989.
 
 Before PAULINE NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM:
 
 DECISION
 
 1
 Petitioner appeals the initial decision of the Merit Systems Protection Board (MSPB or board), No. DA07528810015, January 14, 1988, which became final on May 18, 1988, when the full board declined review. We affirm.
 
 OPINION
 
 2
 Petitioner was a supervisory trial attorney with the Equal Employment Opportunity Commission (EEOC). On April 26, 1986, he was advised that he would be reassigned to the office in New York City. He negotiated with his agency to transfer him instead to Dallas, Texas, effective July 20, 1986. One year later he became an EEOC administrative judge.
 
 
 3
 Dissatisfied with his reassignment to Dallas, which was with a one-grade reduction, he filed a grievance with EEOC, a complaint with the special counsel of the MSPB, and an action in the United States District Court in New Orleans. Special counsel ruled that he had no jurisdiction. The other actions did not reach final resolution, having been stayed for exhaustion of administrative remedies. Ultimately, on October 9, 1987, petitioner filed an appeal with the MSPB.
 
 
 4
 Under MSPB regulations, 5 C.F.R. Sec. 1201.22(b) (1987), an appeal must be filed no later than 20 days after the effective date of the action being appealed, in this case July 20, 1986. Petitioner was advised by order that the time limit could be waived upon a showing of good cause and that, under applicable regulations, he had the burden of proof on the issue of timeliness. He thereupon sought a waiver, admitting the appeal was more than a year late, pleading among other things ignorance of his appeal rights to the MSPB and failure of his agency to advise him of those rights. The MSPB, in applying the criteria for waivers set out in Alonzo v. Air Force, 4 M.S.P.R. 180 (1980), found that petitioner had not shown good cause for a waiver. Petitioner had admitted that the transfer to Dallas was voluntary and that it was at his request and for his own convenience. Notice of his right to appeal an adverse action is thus irrelevant. Further, the MSPB could find no evidence that the delay of almost 15 months in filing the appeal was due to any circumstances beyond petitioner's control.
 
 
 5
 Petitioner denies any expertise in matters such as at issue here. But considering that petitioner makes his living dealing with employment laws and regulations, the MSPB found otherwise and concluded that his plea of legal ignorance was "patently incredible" and "disingenuous" and that as an attorney well versed in such matters his delay in appealing was not that of a prudent man exercising due diligence. Further, the MSPB took note of substantial documentary evidence which attests to petitioner's knowledge of his appeal rights to the MSPB as early as June or July 1986.
 
 
 6
 On the record before us on appeal, we hold that the MSPB did not abuse its discretion in failing to waive the time restriction for petitioner's tardy filing of the appeal or in not granting a hearing on this jurisdictional issue. Petitioner did not sustain his burden of proof. Rowe v. MSPB, 802 F.2d 434 (Fed.Cir.1986).
 
 
 7
 We have not granted petitioner's request for oral argument, and we do not address many of the contentions he has briefed because after reading the briefs and the joint appendix we conclude his arguments are specious, without merit, and that his appeal is frivolous.