899 F.2d 1228
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rebardo R. CUMMINGS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3437.
 United States Court of Appeals, Federal Circuit.
 March 14, 1990.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and JOHN C. LIFLAND, Judge.*
 PER CURIAM.
 
 
 1
 Rebardo R. Cummings appeals from the August 3, 1989 decision of the Merit Systems Protection Board (board), docket number SF07528910345, denying his Petition for Review of the Administrative Judge's (AJ's) initial decision. The AJ dismissed as untimely Cummings' appeal of the decision of the United States Postal Service (Service) which dismissed him from the position of mailhandler for possessing and distributing a controlled substance on Service premises. We affirm.
 
 OPINION
 
 2
 Cummings asserts that the board abused its discretion by failing to find "good cause" for waiving the 20-day limit for appealing an adverse agency action. 5 CFR 1201.12 (1988). First, he asserts that the erroneous advice given by his union representative was "good cause" for his appeal being nearly five months late. However, in Rowe v. Merit Systems Protection Board, 802 F.2d 434, 437-38 (Fed.Cir.1986), we rejected the argument that reliance on the erroneous advice of a labor union lawyer, who was confused as to the proper appeal date, required the board to find "good cause" for delay. In addition, Cummings' argument is undermined by the Service's offer to advise him of his appeal rights. The Service's Letter of Decision removing Cummings states:
 
 
 3
 For further information on appeals procedures, contact the undersigned. Attached for your reference are a copy of the MSPB regulations and a copy of the appeal form.
 
 
 4
 Second, Cummings argues that his appeal was late because he was fighting a companion criminal indictment in federal court. According to Cummings, he would have abandoned his Fifth Amendment privilege against self-incrimination had he contemporaneously appealed the service's removal decision to the MSPB. This, he asserts, is "good cause" for not filing his appeal on time. We find this argument unpersuasive, and note that it was not raised before the board.
 
 
 
 *
 Judge John C. Lifland of the District of New Jersey, sitting by designation