923 F.2d 869
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Napoleon D. MUHAMMAD, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 90-3373.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1990.
 
 Before RICH, PAULINE NEWMAN and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Napoleon D. Muhammad appeals from the April 30, 1990, Initial Decision of the Administrative Judge (AJ) in Docket No. BN07529010137, which became the final decision of the Merit Systems Protection Board (Board) on June 4, 1990. We affirm.
 
 OPINION
 
 2
 The majority of Muhammad's brief to this court addresses the merits of his case, i.e., whether his absence from work was excusable. However the Board dismissed Muhammad's appeal not on the merits but because the AJ found that it was not timely filed, and that is the issue before this court.
 
 
 3
 The AJ found that Muhammad filed his appeal with the Board on March 23, 1990, 58 days after the effective date of his removal and thus 38 days after the regulatory deadline set forth in 5 CFR Sec. 1201.22(b). The burden is on Muhammad to show that the delay was excusable.
 
 
 4
 Muhammad maintains that the delay was excusable because he thought that his union representative was handling the matter for him. We agree with the Board that this fact fails to excuse the delay because appellant is responsible for his representative's conduct. See Rowe v. Merit Systems Protection Bd., 802 F.2d 434 (Fed.Cir.1986). As to the alleged excusable delay caused by Muhammad being out of town to take care of his sick mother, Muhammad admits that he returned from taking care of his mother on January 28, 1990, only four days after the effective date of his removal. Finally, as to Muhammad's claim that there was delay in his mail reaching him (and thus presumably in the time he found out about his removal), the AJ found that Muhammad knew of his removal and knew of the time limit for filing an appeal prior to the deadline. This finding is supported by substantial evidence. 5 USC 7703(c).
 
 
 5
 The Board's dismissal of Muhammad's appeal as untimely is affirmed.