923 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fletter DADE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3365.
 United States Court of Appeals, Federal Circuit.
 Nov. 20, 1990.
 
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The order of the Merit Systems Protection Board (Board), dismissing the petition to review as untimely, is affirmed.
 
 OPINION
 
 2
 The administrative judge of the Board affirmed the reconsideration decision of the Office of Personnel Management (OPM) that the petitioner had received an overpayment of $14,847.33 of her Civil Service retirement annuity because she also had received Office of Workmen's Compensation benefits. Under 5 U.S.C. Sec. 8337(f) (1988), a Civil Service annuitant cannot receive both. The administrative judge also upheld OPM's decision that the petitioner was not entitled to a waiver of the overpayment, which 5 U.S.C. Sec. 8346(b) (1988) authorizes OPM to permit.
 
 
 3
 The initial decision of the administrative judge stated that it would become final on January 15, 1989, unless a petition to review "is filed by that date." (The Board stated that "[d]ue to what appears to be a typographical error," the date was given as 1989, that the appellant did not raise the issue, and that her submissions showed that "she was aware that the initial decision would become final in January 1990." Dade v. OPM, 45 M.S.P.R. 12 (1990)). The appellant filed a petition to review with the Board that was postmarked January 17, 1990. In response to a notice from the Board giving the petitioner the opportunity to submit an affidavit showing good cause for waiver of the time limit, the petitioner's affidavit, according to the Board, asserted that "she mailed the petition on January 15, 1990, and that 'the envelope from the office was postmarked January 15, 1990 [to the best of her knowledge],' but that the Post Office was closed because that day was a national holiday." Id. at 12, 13.
 
 
 4
 The Board held that the petitioner had not shown good cause for waiving the time limit and dismissed the petition to review as untimely. The Board pointed out that because January 15, 1990 was a legal holiday, the deadline for filing a petition to review was January 16, 1990. Noting that "the Board considers a petition filed on its postmark date," the Board rejected the petitioner's contention that the petition was filed on January 15, 1990. It stated:
 
 
 5
 The affidavit submitted by the appellant's attorney does not state that she personally placed the petition for review in the mail. Rather, she states that it was mailed by "this office," and that "to the best of [her] knowledge" it was postmarked January 15, 1990. The fact that her knowledge was not firsthand, and the fact that the postmark on the petition's envelope is stamped January 17, 1990, do not provide a credible basis for finding that the petition was actually deposited in the mail on January 15, 1990.
 
 
 6
 Id. at 14 (citations omitted).
 
 
 7
 The Board stated that "[a]lthough the delay in this case was brief, in the interest of judicial efficiency and fairness, the Board will not waive its timeliness requirements in the absence of good cause shown, regardless of how minimal the delay." Id. It noted that in her affidavit the petitioner's attorney
 
 
 8
 explains why the petition for review was not filed on January 15, 1990. However, she provides no explanation for the subsequent delay. The appellant's attorney states in her affidavit that "any delay was not caused by the appellant." The appellant, however, is bound by the actions or omissions of her freely chosen representative. She must therefore bear the responsibility for her counsel's failure to file a timely petition for review. Thus, the appellant has not shown good cause for waiver of the Board's time limit for filing a petition for review.
 
 
 9
 Id. at 15 (citations omitted).
 
 
 10
 Even though the petition for review was filed only one day late, we cannot say that, considering all the circumstances, the Board abused its discretion in refusing to waive the time limit for filing. Cf. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986).