954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Grace R. WOODRING, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3348.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1992.
 
 Before NIES, Chief Judge, and PLAGER and ALARCON*, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Grace R. Woodring petitions for review of a Merit Systems Protection Board (Board) decision, Docket No. AT08469010736, dismissing her appeal as untimely. We affirm.
 
 DISCUSSION
 
 2
 OPM denied Ms. Woodring's request to make a retroactive election to transfer from the Civil Service Retirement System to the Federal Employees Retirement System. OPM ruled that a retired employee was ineligible to make such an election. Board regulations require that an appeal from an OPM reconsideration decision be filed within 25 days of the date of issuance of the decision. 5 C.F.R. § 1201.22(b). Although Woodring was notified of this deadline in OPM's reconsideration decision, she filed her appeal three days late.
 
 
 3
 Woodring was advised by the administrative judge (AJ) that her appeal was untimely and was afforded an opportunity to show "good cause" for her late filing. 5 C.F.R. § 1201.22(c). The AJ determined that Woodring's explanations for failing to file a timely appeal did not establish good cause. Relying upon Board precedent and that Ms. Woodring filed the appeal herself, the AJ concluded that Woodring's inability to locate an attorney was not a basis for extending the filing deadline. The AJ also determined that the mere assertion of an unidentified medical condition with no explanation as to how that condition prevented her from filing a timely appeal was insufficient to show good cause for the waiver of the 25-day time limit.
 
 
 4
 A decision to waive the time limit for appealing to the Board is a matter committed to the Board's discretion and "this court will not substitute its own judgment for that of the Board." Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). Further, our review of Board cases in which timeliness is at issue is limited by statute to whether the Board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c); Rowe, 802 F.2d at 437. We find no such grounds present here.
 
 
 5
 While we do not decide this case on the merits, OPM's ruling that Woodring was ineligible to make an election appears correct.
 
 
 
 *
 Circuit Judge Arthur L. Alarcon of the United States Court of Appeals for the Ninth Circuit, sitting by designation