960 F.2d 155
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph P. POYNTON, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 92-3116.
 United States Court of Appeals, Federal Circuit.
 March 10, 1992.
 
 Before NIES, Chief Judge, and PAULINE NEWMAN and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Joseph P. Poynton petitions for review of the Merit Systems Protection Board's November 19, 1991, order, SL07528810320, dismissing his petition for review as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 The administrative judge issued an initial decision on October 31, 1988. Poynton submitted a petition for review to the Board on November 17, 1988. The clerk of the Board rejected the petition because Poynton failed to serve the opposing party and to include a certificate of service and informed Poynton that he must refile, with deficiencies corrected, within 15 days. Two and a half years later, on May 31, 1991, Poynton refiled.
 
 
 3
 Responding to the Board's order to show good cause for the untimely filing, Poynton responded that "[o]ne of the major reasons I did not refile or appeal is I did not believe I could prove my case at that time. And the reason was I did not have all the data. This I received in the Summer of 1989." Viewing this assertion in the most favorable light, Poynton's petition was filed almost two years after the time he obtained certain data. He offered no explanation for the extended delay, even after he acquired the information he allegedly needed. In dismissing, the Board relied on this factor as well as Poynton's failure to submit his response in the form of an affidavit or declaration as directed.
 
 
 4
 A decision to waive the time limit for petitioning the Board is a matter committed to the Board's discretion and "this court will not substitute its own judgment for that of the Board." Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). Rather, our review is limited by statute to deciding whether the Board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion or otherwise not in accordance with the law. 5 U.S.C. § 7703(c); Rowe, 802 F.2d at 437. Poynton failed to explain the period of delay from 1989 to 1991. That in itself is sufficient reason to conclude that the Board's decision not to waive the time requirements was well within its discretion. We find no grounds present here for overturning the Board's decision.