5 F.3d 1502
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Donald E. UPSHAW, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3140.
 United States Court of Appeals, Federal Circuit.
 July 12, 1993.
 
 Before MAYER, MICHEL and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Donald Upshaw petitions for review of the December 11, 1992 decision of the Merit Systems Protection Board, No. CHO7529110613, dismissing his petition for review as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 Donald Upshaw was removed from his position as a Contract Data Input Supervisor with the Department of Defense in Columbus, Ohio on the ground that he had shown a pattern of extended absence without leave. Upshaw's removal was effective May 31, 1991, and the letter of removal specifically informed him that any notice of appeal to the Board had to be filed no later than twenty calendar days after the effective date. See 5 C.F.R. 1201.22(b) (1993). Upshaw filed his appeal approximately twelve days late and the administrative judge (AJ) ordered him to show good cause for the delay. See 5 C.F.R. Sec. 1201.22(c) (1993). Upshaw failed to respond, and on August 5, 1991 the AJ dismissed his appeal as untimely filed.
 
 
 3
 A petition for review of the AJ's decision was required to be filed by Upshaw within thirty-five days after the AJ's initial decision was issued, 5 C.F.R. Sec. 1201.114(d) (1993), but Upshaw did not file until April 1, 1992, more than seven months after the deadline. The Clerk of the Board informed Upshaw that his petition for review was untimely filed and that he needed to submit a sworn statement establishing good cause for the delay. 5 C.F.R. Sec. 1201.114(f) (1993). Upshaw responded with a signed, but unsworn, statement explaining that his appeal was untimely because of his wife's emergency surgery on June 12, 1991. He did not address the question concerning why his petition for review of the initial decision was late. The Clerk afforded Upshaw a second chance to show good cause and again Upshaw did not explain why his petition was late; he only addressed the untimeliness of his initial appeal.
 
 
 4
 The Board dismissed Upshaw's petition as untimely filed, concluding that he had not established good cause, since he failed to offer any reason why he filed his petition seven months late. The Board noted that the AJ failed to specifically inform Upshaw of the date when the initial decision would become final, but concluded that Upshaw was not prejudiced by that omission since the initial decision clearly informed him of his right to petition the Board for review and that there was a deadline for filing that petition. The Board further noted that the agency had provided Upshaw with a copy of the Board's regulations, including the thirty-five day deadline for petitioning for review.
 
 
 5
 We review the Board's decision to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988). "Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 6
 Upshaw filed his petition for review of the initial decision more than seven months late and was given two opportunities to show good cause for his late filing. On both occasions Upshaw addressed only the untimeliness of his appeal; he did not explain why he was late in filing his petition for review of the initial decision. Upshaw does not tell us why the Board abused its discretion in dismissing his petition; he does not even address the reasons for this untimely filing. Rather, Upshaw's arguments address only the merits of his removal. These are not relevant to the issue before us, which is whether the Board abused its discretion in dismissing his petition as untimely filed. See Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). Under these circumstances we conclude that it did not.