11 F.3d 1072
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Timothy J. COCHIS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3386.
 United States Court of Appeals, Federal Circuit.
 Nov. 5, 1993.
 
 Before RICH, MICHEL, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Timothy J. Cochis petitions for review of the April 28, 1993 final decision of the Merit Systems Protection Board, Docket No. DC0330930275-I-1, dismissing for lack of jurisdiction his appeal of the Department of the Army's (agency's) failure to afford him priority consideration for repromotion following a reduction-in-force (RIF) and dismissing as untimely his appeal of a reduction in grade by the RIF. We affirm.
 
 DISCUSSION
 
 2
 By letter dated May 18, 1992, Cochis received notice that the agency was reducing the number of civilian positions at the Headquarters of the U.S. Army V Corps (HQ V Corps) pursuant to a RIF effective August 1, 1992. Cochis was advised that his position at HQ V Corps as a Supervisory Housing Management Specialist, GM-14, was to be abolished under the RIF action. In lieu of a separation by the RIF, the agency offered Cochis an opportunity for continuing employment at a lower-grade position. The notice also informed Cochis of his right to appeal the RIF to the Board and that any appeal must be filed no later than 20 days after the effective date of the RIF. Cochis acknowledged receipt of the agency's notice on May 18, 1992 and accepted the position offered by the agency.
 
 
 3
 On February 5, 1993, Cochis appealed to the Board claiming that the agency violated RIF procedures by failing to give him priority consideration for repromotion following his reduction in grade by the RIF and that he should not have been demoted because the RIF involved a transfer of function. The AJ dismissed Cochis's first claim because Cochis had not been separated by the RIF and he had no right of appeal concerning repromotion priority rights. Regarding his second claim, the AJ determined that although his reduction in grade by the RIF was appealable to the Board, the claim was untimely because it had been filed over five months after the 20-day time limit for filing had expired. The AJ dismissed the claim in view of Cochis's inability to establish good cause for the late filing. The AJ's decision became the final decision of the Board when it denied review on June 2, 1993. Cochis now petitions for review of that decision.
 
 
 4
 Cochis argues that the Board erred in dismissing his appeal for untimeliness. Specifically, Cochis contends that he filed his appeal to the Board within thirteen days of discovering that the agency had violated his repromotion priority rights. However, because the Board has no jurisdiction over nonpromotions in these circumstances, the promptness of Cochis's challenge to his nonpromotion has no relevance to the ability of the Board to hear that claim.
 
 
 5
 Moreover, regarding Cochis's demotion by the RIF, as of May 21, 1992, the date on which Cochis voluntarily accepted the agency's offer to serve in a lower-grade position, he was aware that he had until August 21, 1992 to file an appeal of the demotion. Cochis's argument that he did not know of the agency's alleged misconduct relating to his repromotion priority rights under 5 C.F.R. Secs. 330.201-.209 (1993) is not pertinent to whether he filed his RIF appeal under 5 C.F.R. Sec. 390.901 (1993) in a timely manner. That is because any agency error regarding his demotion occurred on its effective date, as did any resulting injury, and the subsequent error and injury due to the nonpromotion, if any, are separate and do not change or increase the alleged error and injury from the demotion. Therefore, the alleged promptness does not establish good cause to excuse the five-month delay after his demotion in filing his appeal.
 
 
 6
 In the instant case, our review of the Board's decision is limited to whether its refusal to waive the regulatory filing deadline was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988); Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). Under that standard, we must affirm the Board's decision to dismiss Cochis's appeal for untimeliness.