101 F.3d 717
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Franklin D. DAVIS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3196.
 United States Court of Appeals, Federal Circuit.
 Nov. 21, 1996.
 
 Before ARCHER, Chief Judge, SMITH, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Franklin D. Davis appeals from the October 2, 1995 decision of the Merit Systems Protection Board (Board), Docket No. DC-0831-95-0614-I-1,[1] dismissing his appeal as untimely filed. We vacate and remand.
 
 DISCUSSION
 
 2
 Davis filed an appeal from the May 10, 1995 reconsideration decision by the Office of Personnel Management (OPM), which affirmed OPM's denial of Davis' application for lump-sum death benefits under the Civil Service Retirement System (CSRS). Davis' appeal was postmarked June 30, 1995. An appeal from an OPM reconsideration decision must be filed with the Board within thirty-five days. See 5 C.F.R. § 1201.22(b) (1996). Davis' appeal was sixteen days late. Consequently, the Board ordered Davis to submit evidence to show that good cause existed for his untimely filing. Davis failed to respond to the show cause order.
 
 
 3
 Davis, however, had attached a letter to his appeal explaining that his attorney did not receive his new address correctly and that this delayed his receipt of the OPM reconsideration decision. The administrative judge (AJ) found that Davis failed to state when he did receive the OPM reconsideration decision. The AJ noted that Davis is bound by the actions and inaction of his chosen counsel. The AJ concluded that there was no basis for Davis' untimely filing.
 
 
 4
 The Board denied Davis' petition for review of the initial decision. Chairman Erdreich dissented on the grounds that the circumstances of the case warranted excusing the late filing. The Chairman believed that the fact that the underlying action was a claim for lump-sum death benefits for which Davis had thirty years in which to file his claim warranted waiving the timeliness requirements in this case. The Chairman stated that Davis exercised due diligence in filing his appeal.
 
 
 5
 As to the Board's decision, we must affirm unless it is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c); Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). Davis bears the burden of proof with respect to the timeliness issue. See 5 C.F.R. § 1201.56(a)(2)(ii). Absent a showing of good cause, the Board will not waive its timeliness requirements.
 
 
 6
 We are concerned, however, at the paucity of the findings by the administrative judge regarding Davis' late filing. Along with his appeal to the Board, Davis attached a letter explaining that his late filing was due to his attorney not having his correct new address which resulted in his delayed receipt of the OPM decision. This attachment was sufficient to put the AJ on notice that Davis had an excuse for his late filing.
 
 
 7
 Chairman Erdreich's dissent notes that Davis' untimely filing should be excused because OPM failed to send a copy of its decision directly to Davis, that Davis' attorney abruptly withdrew from representation late in the time period for filing an appeal, and that Davis took prompt action in filing an appeal without legal assistance within eight days of his receipt of the OPM decision. These facts, if a part of the record, should have been considered by the AJ. Moreover, the AJ's opinion indicates that the exact time Davis actually received the OPM decision was a critical factor in his decision, yet the AJ, knowing that the OPM decision was received late, did not pursue this timing question.
 
 
 8
 If Davis in fact took prompt action to file his appeal within eight days of receipt of OPM's decision this would indicate that he acted with due diligence and, in light of all of the circumstances, could constitute good cause which would warrant waiving the timeliness requirement. The AJ should consider carefully all pertinent facts, along with the brevity of the delay and the gravity of the penalty which Davis will face for his lateness. For example, if Davis' lateness is not waived he will be barred from appealing the denial of lump-sum death benefits for which he would have had thirty years to initiate his claim.
 
 
 9
 Accordingly, we vacate the Board's decision and remand the case for the AJ to make findings, inter alia, as to when Davis received the OPM decision from counsel and his diligence in filing thereafter and to consider whether any such additional facts, together with those set forth in Davis' letter accompanying the appeal, are sufficient to establish good cause for his untimely filing.
 
 
 
 [1]
 The October 2, 1995 initial decision of the administrative judge became the final decision of the Board on February 28, 1996 when the Board denied Davis' petition for review