**Audrey M. RAMSEY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3115.**

United States Court of Appeals, Federal Circuit.

DECIDED: July 12, 2002.

Before LOURIE, SCHALL, and PROST, Circuit Judges.

**DECISION**

PER CURIAM.

Audrey Ramsey petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed her appeal as withdrawn. *Ramsey v. Office of Personnel Management,* No. CH–0831–01–0516–I–1, 90 M.S.P.R. 455 (2001). We *affirm.*

**DISCUSSION**

**I.**

Ms. Ramsey applied to the Office of Personnel Management ("OPM") for bene-

fits as the surviving spouse of Phil M. Ramsey, a deceased retiree of the United States Postal Service. After OPM issued a reconsideration decision denying her application, she appealed to the Board. Thereafter, on July 13, 2001, Ms. Ramsey's representative sent the Board a letter stating that Ms. Ramsey had decided to withdraw her appeal. Based upon that letter, on July 30, 2001, the administrative judge ordered the appeal dismissed.

Following the dismissal, Ms. Ramsey petitioned the Board for review, stating that she had not told her representative to withdraw the appeal and that she wanted the Board to reopen the appeal. On October 15, 2001, the Board denied the petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed.

**II.**

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed. Cir.1998). The decision of the Board in this case is none of these.

Ms. Ramsey does not address the Board's dismissal of her appeal. Rather, she argues that OPM erred in denying her application for survivor benefits. The merits of Ms. Ramsey's claim for survivor benefits were not decided by the Board, however. They therefore are not before us. The only issue we may decide is whether the Board erred in denying Ms.

Ramsey's petition for review, in which she sought to have her appeal reinstated.

We see no error in the Board's denial of the petition for review. It is well-settled that a party before the Board is bound by the actions of his or her representative. *See Amin v. Merit Sys. Prot. Bd.*, 951 F.2d 1247, 1254 (Fed.Cir.1991); *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed.Cir. 1986). In that regard, there is nothing in the record to indicate that Ms Ramsey's representative was not authorized to act on her behalf. Generally, withdrawal of an appeal removes the matter from the Board's jurisdiction, and the Board typically reinstates an appeal only in unusual circumstances, such as when there has been misinformation or where there is new and material evidence. *Brown v. Department of the Navy*, 71 M.S.P.R. 451, 453–54 (1996). There is no evidence that such circumstances are present here.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.