**William J. PERSSON, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 03–3166.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 1, 2003.

Before RADER, GAJARSA, and LINN, Circuit Judge.

*ORDER*

RADER, Circuit Judge.

The Department of Veterans Affairs (DVA) moves to dismiss William J. Persson's petition for review as untimely. Persson responds to the court's June 19, 2003 order. DVA replies.

DVA argues that Persson's petition for review was not filed within 60 days of his representative's receipt of the Merit System Protection Board's final decision and thus is untimely. In order to be timely, the representative would have had to have received the decision on December 31, 2002 or later. The certified return receipt signed by Persson's representative, Mary O'Neil in Cleveland, Ohio, does not reflect the date of delivery. However, the Board received the signed receipt, which was sent from Cleveland to Washington, D.C., on December 31, 2002. DVA argues that it is clear that Mr. Persson's representative received the copy of the final decision "prior

to December 31, 2002," making Persson's March 3, 2003 petition for review untimely.

On June 19, 2003, the court requested that Persson attempt to obtain from his representative an affidavit or declaration indicating the date that she received the final Board decision. Persson responds that he was unable to obtain such an affidavit or declaration.

Persson has not shown that he filed his petition for review within 60 days of the date on which his representative received the final Board decision. This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administration*, 735 F.2d 1335, 1336 (Fed.Cir.1984). Thus, this court must dismiss Persson's petition as untimely.

In the alternative, Persson states that he did not personally receive the decision until January 3, 2003 and asks that the court accept his petition for review as timely based on the date that he personally received the decision. "It is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." *Rowe v. Merit Systems Protection Board*, 802 F.2d 434, 437 (Fed.Cir.1986). *See also Link v. Wabash Railroad Company*, 370 U.S. 626, 633–635, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Huston v. Ladner*, 973 F.2d 1564 (Fed.Cir.1992). Persson voluntarily chose his representative in this case, and the time for filing a petition for review began on the date that Persson's representative received the final Board decision. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (where action was required to be filed within 30 days of receipt of notice, time to file began on date of receipt by attorney and not date individual party received notice).

Accordingly,

IT IS ORDERED THAT:

(1) DVA's motion to dismiss is granted.

(2) Each side shall bear its own costs.