Elizabeth A. YOUNG, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 02–3026.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 9, 2003.

Before MAYER, Chief Judge, CLEVENGER and SCHALL, Circuit Judges.

PER CURIAM.

Elizabeth A. Young seeks review of the August 14, 2001, final decision of the Merit Systems Protection Board, No. CH844E010006–I–1, sustaining the Office of Personnel Management's ("OPM's") denial of her request for reconsideration. Because her request was untimely submitted under 5 C.F.R. § 846.205(c), we *affirm*.

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

To comply with 5 C.F.R. § 846.205(c) an individual must file a request for reconsideration of an agency decision within thirty calendar days from the date of the agency's decision. An untimely request for reconsideration may be accepted upon a showing by the applicant that he was not notified of the time limit, or that he was prevented by circumstances beyond his control from making the request within the time limit. *Id.*

■ Young concedes that the board applied the correct law. She first contends that the board's decision is unsupported by substantial evidence. A board decision is unsupported by substantial evidence when it lacks "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed.Cir.1984) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The board determined that Young had failed to file her request for reconsideration before the deadline—OPM received the request for reconsideration eight months after the deadline and Young failed to produce reliable documentation of an earlier filing date. Further, the board resolved that Young did not prove any circumstances beyond her control that would permit a waiver of the deadline under 5 C.F.R. § 846.205(c). The board's findings were reasonable and adequate to support its conclusion.

■ Young also argues that the board abused its discretion by failing to conclude that she was prevented from making the request for reconsideration within the time limit because her attorney failed to file and purportedly lost paperwork. Young, however, "is bound by the consequences of [her] representative's conduct" even if she "acted in good faith in relying on the advice and actions of [her] attorney." *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed.Cir.1986). In light of the record and Young's contentions, the board's decision was not an abuse of discretion.