**Modest L. ZACHARCZENKO,
Petitioner,**

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 2006–3344.

United States Court of Appeals,
Federal Circuit.

Aug. 31, 2006.

Modest L. Zacharczenko, pro se.

Before MICHEL, Chief Judge, MAYER and LINN, Circuit Judges.

PER CURIAM.

*ORDER*

The court treats Modest L. Zacharczenko's correspondence concerning the timeliness of his petition for review as a motion for reconsideration of the court's previous rejection of his petition for review as untimely. Zacharczenko moves for leave to proceed in forma pauperis.

On May 24, 2006, the Merit Systems Protection Board issued a final decision in *Zacharczenko v. Department of Justice,* No. DC–3443–05–0812–I–1, 102 M.S.P.R. 236, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. The Board's records reflect that Zacharczenko's counsel received the Board's decision on May 26, 2006. Zacharczenko's petition seeking review of the Board's decision was received by the court on July 26, 2006 and rejected because it was 1 day late.

Our review of a Board decision is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administration,* 735 F.2d 1335, 1336 (Fed.Cir. 1984).

Zacharczenko states that he did not personally receive the decision until May 30, 2006 and asks that the court accept his petition for review as timely based on the date that he personally received the decision, rather than the date his counsel received the decision.

A petition for review must be received by this court within 60 days of the date of receipt of the Board's final order by either the petitioner or his counsel, whichever is earlier. *See Id.* at 1336. "It is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." *Rowe v. Merit Systems Protection Board,* 802 F.2d 434, 437 (Fed.Cir.1986). *See also Link v. Wabash Railroad Company,* 370 U.S. 626, 633–635, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Huston v. Ladner,* 973 F.2d 1564 (Fed.Cir.1992). Because Zacharczenko's petition for review was filed 1 day late, the court must dismiss Zacharczenko's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for reconsideration is denied. The petition for review is dismissed as untimely.

(2) Each side shall bear its own costs.

(3) Zacharczenko's motion for leave to proceed in forma pauperis is moot.