Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

### ORDER

Upon review of this recently docketed appeal, the court considers whether the appeal should be dismissed as untimely.

Cantalicio O. Cagadas claimed service connection for a heart condition. The Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans' Appeals that denied his claim. The Court of Appeals for Veterans Claims entered judgment on August 14, 2006. *Cagadas v. DVA*, No. 04–0956. The Court of Appeals for Veterans Claims received Cagadas's notice of appeal on October 31, 2006, which is 78 days after entry of judgment.

Cagadas' appeal was due within 60 days of the entry of judgment, or by October 13, 2006. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R.App. P. 4(a)(1). Because the notice was untimely filed, the appeal must be dismissed. *See Sofarelli Assoc., Inc. v. United States*, 716 F.2d 1395 (Fed.Cir.1983).

Accordingly,

IT IS ORDERED THAT:

(1) This appeal is dismissed as untimely.

(2) Each side shall bear its own costs.

---

**Larry J. HILLMAN, Petitioner,**

v.

**TENNESSEE VALLEY AUTHORITY, Respondent.**

**No. 2007–3067.**

United States Court of Appeals, Federal Circuit.

Dec. 29, 2006.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

ON MOTION

SCHALL, Circuit Judge.

### ORDER

Larry J. Hillman moves the court to accept his untimely petition for review.

On September 26, 2006, the Merit Systems Protection Board issued a final decision in *Hillman v. Tennessee Valley Auth.*, No. AT–3443–02–0443–B–2, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. The Board's records reflect that Hillman's counsel received the Board's decision on September 28, 2006. Hillman's petition seeking review of the Board's decision was received by the court on November 28, 2006 and rejected because it was one day late.

Counsel for Hillman states that he miscalculated the due date for the petition for review and asks that his error not prejudice his client.

"It is well settled that a person is bound by the consequences of his representative's

conduct, which includes both his acts and omissions." *Rowe v. Merit Systems Protection Board*, 802 F.2d 434, 437 (Fed.Cir. 1986). A petition for review of a Board decision must be filed within 60 days of receipt of the decision. *See* 5 U.S.C. § 7703(b)(1). The 60–day filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administraiton*, 735 F.2d 1335, 1336 (Fed.Cir.1984). Because Hillman's petition for review was received on November 28, 2006, one day late, this court must dismiss Hillman's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is denied. The petition for review is dismissed as untimely.

(2) Each side shall bear its own costs.