BRYSON, Circuit Judge, dissenting.
I would affirm the decision of the Board. Mr. Skaggs had a full opportunity to explain the reason for his late filing, and he chose to do so through his attorney’s affidavit. His attorney stated that he completed Mr. Skaggs’ appeal on the afternoon of June 15, 2006, but did not file it electronically until after noon on the following day, which was one day late. The attorney failed to provide any explanation for not electronically filing the appeal on the afternoon of June 15. The clear implication of the absence of any explanation for that conduct was that the late filing was the product of negligence or oversight. Under those circumstances, it was not inappropriate for the administrative judge to note that the attorney provided no valid explanation for the delay and to point out that attorney negligence or oversight does not constitute a sufficient basis for waiving timeliness requirements under the Board’s regulations and decisions.
By statute, the Board is entitled to prescribe procedural rules governing Board appeals. 5 U.S.C. § 7701(a). The Board has prescribed rules for timely filing of appeals and for waiving those requirements in 5 C.F.R. § 1201.22(c) of its regulations (appeal must be filed within 30 days and “will be dismissed as untimely filed unless a good reason for the delay is shown”) and in 5 C.F.R. § 1201.12 (administrative judge “may, for good cause shown, waive a Board regulation”). The Board has interpreted the “good reason” or “good cause” exception to the 30-day filing requirement through case law. In its decisions, the Board has consistently held that, absent a specific reason not to attribute an attorney’s conduct in handling an appeal to the appellant, attorney negligence that results in an untimely filing does not constitute good cause for the delay. See, e.g., Lands v. Dep’t of the Air Force, 95 M.S.P.R. 593, 596 (2004); DePierro v. U.S. Postal Serv., 54 M.S.P.R. 251, 253 (1992); Goldberg v. Dep’t of Defense, 39 M.S.P.R. 515, 518 (1989); McAdory v. Dep’t of Justice, 6 MSPB 106, 6 M.S.P.R. 112, 114 (1981). That is true regardless of the length of the delay. See McBurnett v. Dep’t of the Army, 37 M.S.P.R. 395, 397 (1988) (“Negligence on the part of an appellant or his attorney does not constitute good cause for extending a filing deadline, even when the delay is only one (1) day.”); Stromfeld v. Dep’t of Justice, 25 M.S.P.R. 240, 241 (1984) (same). This court has upheld the Board’s determination that attorney negligence does not constitute “good cause” warranting a waiver of the timeliness requirement. Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437-38 (Fed.Cir.1986).
Despite being given the opportunity to do so, Mr. Skaggs has not pointed to any valid excuse for the filing delay in this case, and the record does not support any explanation other than negligence or oversight by an attorney who was working on Mr. Skaggs’ behalf. This court’s decision in Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578 (Fed.Cir.1994), on which the majority relies, does not support remand here. In Walls, this court criticized the Board for not considering the length of the delay in determining whether there was good cause for a pro se appellant’s untimely filing of his appeal. The court explained that the *933 short period of the delay tended to show “not only the absence of negligence on part of petitioner but also that he demonstrated due diligence and ordinary prudence in filing the appeal within the regulatory time period as construed by him.” The court found that Mr. Walls had reasonably misinterpreted the agency’s notice of the time for filing to refer to “working days” rather than “calendar days”; his short delay in filing was consistent with and supported that explanation. In this case, by contrast, the administrative judge considered the shortness of the delay, but found that it did not strengthen Mr. Skaggs’ explanation for the delay because his attorney, unlike Mr. Walls, offered no explanation for the delay that was consistent with ordinary prudence. The shortness of the delay therefore does not serve, as it did in Walls, to require that we vacate the Board’s finding of a lack of good cause.