NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3032

IRENE M. MOORE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Irene M. Moore, of Washington, DC, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was B. Chad Bungard, General Counsel.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3032

IRENE M. MOORE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752080462-I-1.

DECIDED: May 8, 2009

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

PER CURIAM.

DECISION

Irene M. Moore petitions for review the final decision of the Merit Systems Protection Board ("Board") that dismissed her appeal as untimely. Moore v. Dep't of Justice, 110 M.S.P.R. 151 (Table) (2008) ("Final Decision"). We affirm.

DISCUSSION

I.

Ms. Moore was previously employed as a secretary for the Department of Justice ("DOJ"). On February 18, 2008, DOJ notified Ms. Moore that she would be removed

from her position for several charges of misconduct, effective on February 22, 2008. The notice contained a statement that described Ms. Moore's appeal rights, specifically indicating that she had to appeal to the Board "no later than 30 calendar days from the effective date." In addition, the notice explained that if Ms. Moore did not appeal within the thirty-day period, her appeal would be dismissed unless she was able to "show a good reason for delay." The Board did not receive Ms. Moore's appeal until April 24, 2008, approximately thirty days after the initial thirty-day period.

On May 1, 2008, the Administrative Judge ("AJ") to whom the appeal was assigned sent Ms. Moore an order, stating that her appeal was untimely and requesting her to demonstrate "that good cause existed for the delay." Ms. Moore responded on May 5, 2008, stating that she did not know that she was required to respond within thirty days and that she had been waiting to receive certain papers from DOJ. Thereafter on May 8, 2008, the AJ found that, despite being timely notified of all of her appeal rights, Ms. Moore did not timely file her appeal and failed to set forth any circumstances that would have precluded timely filing. Moore v. Dep't of Justice, No. DC-0752-08-0462-I-1 (M.S.P.B. May 8, 2008) ("Initial Decision"). Accordingly, the AJ dismissed her appeal. Id. The Initial Decision became the final decision of the Board on June 6, 2008, when the Board denied Ms. Moore's petition for review. Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained

without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Ms. Moore does not appear to address why she untimely filed her appeal or whether there was good cause to do so. Rather, she primarily focuses on why her termination was wrongful—the underlying merits of her appeal. Ms. Moore, however, does highlight that she is not represented by an attorney.

The Board's decision dismissing Ms. Moore's appeal is supported by substantial evidence and is in accordance with law. As an initial matter, there is clearly substantial evidence that Ms. Moore untimely filed her appeal—specifically, approximately thirty days late. See 5 C.F.R. § 1201.22(b)(1). Indeed, she does not contest this finding. Turning to the Board's determination to not waive the time limit for appeal, the AJ considered several factors: namely, the fact that Ms. Moore acknowledged timely receiving the notice of dismissal containing her appeal rights and the fact that she provided little justification for her untimely filing, despite the AJ's request that she provide such justification. The AJ even considered the fact that she was not represented by an attorney. Ultimately, however, after considering numerous factors, the AJ decided that there was no good cause for Ms. Moore's untimely appeal—a decision committed to the Board's discretion and one with respect to which this court will not substitute its own judgment. See, e.g., Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437 (Fed. Cir. 1986). Finally, Ms. Moore makes various arguments relating to the underlying merits of her dismissal. However, "we cannot consider the merits of the case on the waiver issue." See id. In other words, those arguments are irrelevant to the

question of whether the Board erred by declining to waive the timely appeal requirements.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.