**Cheryl O. CHARLES, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 00–3426.**

United States Court of Appeals, Federal Circuit.

DECIDED: July 10, 2001.

Before MICHEL, LOURIE, and LINN, Circuit Judges.

## DECISION

### PER CURIAM.

Cheryl O. Charles seeks review of the decision of the Merit Systems Protection Board dismissing her petition for review as untimely filed. *Charles v. United States Postal Serv.*, 86 M.S.P.R. 389, —— slip op. at 1 (M.S.P.B.2000) (*"Charles II"*). Because the Board did not abuse its discretion in dismissing her petition, we *affirm.*

## DISCUSSION

Ms. Charles was removed from her position as a Supervisor for Customer Services in the Postal Service on November 6, 1998, based on charges of falsification and violation of the Postal Service's Employee and Labor Relations Manual. *Id.* at ——, 2. She appealed that removal action, and subsequently entered into a written settlement agreement with the agency on July 16, 1999. *Charles v. United States Postal Serv.*, No. AT–0752–99–0126–I–2, slip op. at 1 (M.S.P.B. July 16, 1999) (*"Charles I"*). Under the terms of that agreement, she was required to withdraw her appeal. *Id.* at 2. The administrative judge ("AJ") admitted the agreement into the Board's record for purposes of enforcement and determined that there was no longer a pending case or controversy over which the Board had jurisdiction. *Id.* The AJ therefore dismissed the appeal. *Id.* Because no timely petition for review was filed, that decision became the final decision of the Board by operation of law on August 20, 1999. *Charles II* at ——, 3. Charles then filed a petition for review of that decision over three months later, on November 30, 1999. *Id.* She stated, *pro se*, that her petition for review was untimely because of an illness and because she could not afford to retain an attorney. *Id.*

To show good cause for her untimeliness, Charles submitted four reports from her psychologist, Dr. Lee Horton, who had been treating her since August of 1997. *Id.* at ——, 4. In a letter dated March 3, 1998, Dr. Horton noted that Charles was suffering from a mood setback that had been triggered by a job transfer. *Id.* at ——, 5. On March 5, 1998, he stated that Charles had "impaired" attention and concentration, but he expected her to make a complete recovery and to be able to perform all aspects of her management responsibilities. *Id.* On June 23, 1998, Dr. Horton observed that Charles had been traumatized by an incident in which she was denied a promotion. *Id.* Finally, on September 2, 1999, Dr. Horton indicated that Charles suffered from clinical depression and "an exaggerated fear of any object associated with the U.S. Postal System." *Id.* He observed that "[h]er depression inhibits her ability to take the necessary steps to challenge her fear." *Id.* He gave a "guarded" prognosis for her recovery and recommended that she not return to her job. *Id.*

The Board concluded that those reports were insufficient to excuse her untimely filing because they did not address most of the period of delay between July 16, 1999, the date of the initial decision, and November 30, 1999, the date she filed her petition for review. *Id.* Specifically, the letters said nothing regarding the period of nearly three months from September 2, 1999 to November 30, 1999. The Board stated that the September 2, 1999 letter did "not explain how her conditions would have adversely affected her ability to timely file her petition for review or request an extension of time during the September through November 1999 period." *Id.* The Board therefore dismissed her petition for review as untimely and did not address the merits. *Id.* at ——, 6. Charles timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

What Charles is appealing to us is the Board's dismissal of an untimely petition for review of a decision dismissing her appeal because it was settled pursuant to a settlement agreement. Charles actually agreed in that settlement agreement to withdraw her appeal. We only review the untimeliness issue decided by the Board.

On appeal, Charles argues that the Board did not adequately address the medical evidence that she was unable to make legal decisions during the relevant time period. She also argues that the Board failed to consider that she was unable to afford additional medical attention or proper legal representation. She requests that we vacate the settlement agreement because, in her view, she signed that agreement under duress.

Our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Gibson v. DVA*, 160 F.3d 722, 725 (Fed.Cir.1998).

We hold that the Board did not abuse its discretion in dismissing her petition for review as untimely. A petition for review to the full Board of an AJ's initial decision must be filed within thirty-five days after the issuance of that decision. 5 C.F.R. § 1201.114(d) (2001). The Board may waive that time limit upon a showing of good cause for the untimely filing. 5 C.F.R. § 1201.114(f) (2001). The petitioner bears the burden of proof to show good cause for untimeliness. 5 C.F.R.

§ 1201.56(a)(2)(ii). Whether the regulatory time limit for an appeal should be waived based upon a particular showing of good cause is a matter committed to the Board's discretion. *Mendoza v. MSPB*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc).

We cannot say that the Board abused its discretion in determining that Charles did not show good cause. Her evidence consists of four letters from Dr. Horton, which do not specifically address most of the relevant period of delay from July 16, 1999, to November 30, 1999. Even the letter dated September 2, 1999 states only that her depression inhibited her ability to take the necessary steps to challenge her "fear." That characterization of her phobia does not establish good cause for her failure during the relevant time period to file a timely petition for review, or at the very least, a request for an extension of time. The other three letters were written outside the relevant time period from July 16, 1999 to November 30, 1999.

■ We also conclude that the Board did not abuse its discretion in dismissing Charles's petition for review even though she may have been financially unable to obtain additional medical evidence or effective counsel. She has not demonstrated that her financial difficulties justified her failure to file a timely petition for review. The fact that Charles possessed some lesser degree of medical evidence than she wished and lacked legal assistance does not constitute good cause for her failure to comply with procedural requirements. *See Mendoza*, 966 F.2d at 653 ("A petitioner who ignores an order of the Administrative Judge does so at his or her peril. Litigants before the Board, whether rich or poor ... are obligated to respect the Board, its procedures, including deadlines, and the orders of the Board's judges."). The Board afforded Charles what it affords to all similarly situated petitioners:

the opportunity to show good cause why she failed to file a timely petition for review. We cannot say that the Board abused its discretion in determining that she did not meet her burden of proof as to that issue or that its decision was based on less than substantial evidence.

We only address the Board's decision to dismiss Charles's petition for review as untimely; we may not address the merits of her underlying appeal or the grounds for her request to vacate the settlement agreement. *See Rowe v. MSPB*, 802 F.2d 434, 437 (Fed.Cir.1986). Because the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.