**Keith A. TUCKER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3392.

United States Court of Appeals, Federal Circuit.

June 4, 2003.

Before MAYER, Chief Judge, NEWMAN and PROST, Circuit Judges.

PER CURIAM.

Keith A. Tucker seeks review of the August 5, 2002, decision of the Merit Systems Protection Board dismissing his appeal as untimely. Because Tucker failed to provide a sufficient reason for the delay, we *affirm*.

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

An appeal to the board must be filed thirty days after the effective date of an agency decision or the date of the receipt of an agency's decision, whichever is later. 5 C.F.R. § 1201.22(b) (2003). An appeal may be submitted after the thirty days if good reason for the delay is shown. *Id.* § 1201.22(c). Tucker argues that good reason exists for filing his appeal over four months beyond the regulatory period. He asserts that the union is responsible for missing the filing deadline because he con-tacted the union when he received his letter of removal from the Postal Service, and was assured that it would handle the matter. But Tucker "is bound by the consequences of his representative's conduct" even if he "acted in good faith in relying on the advice and actions of his attorney." *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed.Cir.1986). Nor was he diligent in prosecuting his appeal. The record reflects that the union returned the appeal to Tucker in October of 2001, but that he took no further action until December of 2001. *See Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (Delay is excusable if a petitioner "exercises diligence or ordinary prudence.").