Rhonda M. HARRELLE, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3238.

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 9, 2003.

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Ms. Rhonda Harrelle petitions for review of the decision of the Merit Systems Protection Board (M.S.P.B.), Docket No. SE0752020320–I–1, 2003 WL 22247854, 95 M.S.P.R. 295, final decision June 27, 2003. The MSPB dismissed as untimely Ms. Harrelle's appeal challenging her removal from civilian employment with the Army. We *affirm.*

## BACKGROUND

Ms. Harrelle was a Secretary (Office of Automation), GS–318–6, employed by the Department of the Army at Fort Shafter, Hawaii. She served from October 5, 1998 until her termination on April 13, 2001. After her employment began, Ms. Harrelle became aware of improper practices such as alterations of time cards. She states that her supervisor expected her to participate in such alterations; she refused and reported the infractions to higher authorities. Ms. Harrelle states that beginning in January 1999 she was subjected to "blows, name calling, threats, and harassment," which her supervisor did nothing to stop. She reported the harassment through workplace channels while continuing to do her job, and also requested reassignment to a different office. No relief was given, and eventually Ms. Harrelle sought medical care for severe emotional distress. With documentation from her physician, Ms. Harrelle left her job on sick leave. After having allowed her to use sick leave for a period of time, Ms. Harrelle's supervisor determined that the physician's notes did not comply with the policy for continuing to request sick leave. Ms. Harrelle was designated as absent without leave, and was terminated from employment.

Mr. James C. Beaman, an attorney licensed in Hawaii, agreed to represent Ms. Harrelle on a contingency fee basis. There ensued several events that, as reported by Ms. Harrelle, reflect inadequate representation. For example, she states that Mr. Beaman told her "that the Army's instructions in their termination letter don't matter and aren't binding—that we didn't have to do what the Army said to do to appeal the termination" to the MSPB. Mr. Beaman then represented Ms. Harrelle in unsuccessful attempts to obtain unemployment insurance benefits, and on July 18, 2002 he informed her that he would no longer act as her representative. On the following day, July 19, 2002, Ms. Harrelle filed an appeal with the Seattle Field Office of the MSPB.

The appeal had been due within thirty days of Ms. Harrelle's April 13, 2001 termination, so the MSPB issued an order requiring her to show good cause for the fourteen-month delay. Ms. Harrelle responded that she had not understood the criticality of the timing requirement and that she had been "under such great emotional stress at the time as to require care of a Psychiatrist." The MSPB requested additional evidence concerning her psychiatric illness. Mr. Beaman again agreed to represent Ms. Harrelle. He petitioned for an extension of time to file the additional evidence on the basis of unavailability of Ms. Harrelle's physician; the Seattle Field Office extended the deadline until September 30, 2002. Mr. Beaman filed no further materials with the MSPB, and on October 18, 2002 the administrative judge dismissed the appeal as untimely. Thus Ms. Harrelle learned that Mr. Beaman had not submitted the evidence on her behalf. She states that Mr. Beaman lied when he told the MSPB that evidence of her illness could not be obtained because her doctor was unavailable, and notes that she had previously provided Mr. Beaman with two psychiatric reports from her doctor. The Board held that the fourteen month delay would not be excused, citing the lack of

evidence of Ms. Harrelle's distressed mental state, and the principle that inadequate legal representation is rarely an acceptable excuse.

## DISCUSSION

Waiver of the time limit for filing an appeal is committed to the Board's discretion, and is reviewed on the standard of abuse of discretion. *Rowe v. Merit Sys. Prot. Bd.,* 802 F.2d 434, 437 (Fed.Cir. 1986); *Phillips v. United States Postal Serv.,* 695 F.2d 1389, 1390–91 (Fed.Cir. 1982). In *Alonzo v. Department of the Air Force,* 4 MSPB 262, 4 M.S.P.R. 180 (1980), the Board set forth the principal factors relevant to determining the existence of good cause for untimely filing:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Id.* at 184 (footnotes omitted).

For the purposes of this appeal, we accept as accurate Ms. Harrelle's statements of the seriously inadequate representation provided by Mr. Beaman. However, the Army cited the length of the delay to the MSPB, and argued that despite Ms. Harrelle's emotional distress, she had filed an EEOC complaint and pursued other remedies. The Board pointed out that petitioner must bear the consequences of her attorney's inaction, and concluded that Ms. Harrelle had not provided adequate evidence of medical incapacity to proceed

with the appeal. We do not discern abuse of its discretion in the Board's holding, which must be affirmed.

No costs.