NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3171

NANCY L. FISHER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  December 15, 2004

_____

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Nancy L. Fisher ("Fisher") appeals from the decision of the Merit Systems Protection Board ("Board") affirming the dismissal of her appeal from a removal action for lack of jurisdiction because her appeal was previously withdrawn.  Fisher v. United States Postal Serv., DE-0752-03-0359-I-1 (M.S.P.B. Jan. 7, 2004) ("Final Decision").  We affirm.

BACKGROUND

Fisher, a craft employee of the Postal Service, appealed to the Board on June 5, 2003 based on her removal from the United States Postal Service ("Agency"). The appeal included a claim for the Agency's failure to restore her to her original position after recovery from a compensable injury ("restoration claim"), as well as claims for discrimination and wrongful termination. On June 30, 2003, the Administrative Judge ("AJ") issued an order regarding the Board's jurisdiction ("Order") over her appeal. The AJ gave Fisher ten days to submit evidence and argument regarding jurisdiction over the removal action. In the Order, the AJ informed Fisher that "craft employees of the Postal Service do not have appeal rights from removal actions taken under 5 U.S.C. Chapter 75 unless they are veterans with preference eligibility pursuant to 5 U.S.C. §§ 2108 and 7511(a)(1)(B)." Fisher's appeal form indicates that she is not a veteran.

On July 9, 2003, the AJ held a teleconference with Fisher's representative and the Agency's representative. During that conference and in written response to the Order, Fisher's representative conceded that the Board does not have jurisdiction over the removal action and withdrew the appeal after being informed that the restoration claim would eventually be addressed. In a July 10, 2003 order, the AJ informed Fisher that her restoration claim would be addressed in the three restoration claim appeals she had pending.

The next day, July 11, the AJ held in Fisher v. United Stats Postal Serv., DE-0752-03-0359-I-1 (M.S.P.B. July 11, 2003) ("Initial Decision") that the Board lacked appellate jurisdiction over Fisher's removal action because it was previously withdrawn. The Initial Decision stated:

04-3171                                            2

[t]he appellant has filed three appeals from the agency's alleged failure to restore her after her partial recovery from a compensable injury that are currently dismissed without prejudice (DWOP). When these appeals are reinstated, the appellant's restoration claims may be fully litigated. If the agency erroneously failed to restore the appellant after her partial recovery from a compensable injury, that will of course take precedence over and supersede the agency's action in removing her. The appellant's representative was expressly advised of the foregoing during a status conference on July 9, 2003.

Fisher v. United States Postal Serv., DE-0752-03-0359-I-1 at *1 n.2 (M.S.P.B. July 11, 2003 Initial Decision).

On January 7, 2004, the Board issued its Final Decision denying Fisher's petition for review, concluding that there was no new, previously unavailable evidence, and that the AJ made no error in law or regulation that affected the outcome. Fisher timely appealed to this court and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board unless we determine that its decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000).

The Board's precedent states that "[g]enerally, an employee's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction, and . . . the Board will not reinstate an appeal once it has been withdrawn in the absence of unusual circumstances such as misinformation or new and material evidence." Brown v. Dep't of the Navy, 71 M.S.P.R. 451, 453-54 (1996). Fisher does not present new and material evidence in support of her request for reinstatement of her appeal of the removal action. Instead, she argues that her representative did not communicate the

withdrawal of her appeal to her and that her representative could not competently respond due to illness. It is well settled, however, that "a person is bound by the consequences of [her] representative's conduct, which includes both [her representative's] acts and omissions." Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437 (Fed. Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)). Moreover, Fisher expressly authorized her representative to make decisions on her behalf when she signed Part II of the Board's Appeal Form, Designation of Representative.

Fisher also argues that her case should not be dismissed because this is a "mixed case" and she made allegations of discrimination. The Board does not have jurisdiction over claims of discrimination unless the claims are raised in connection with an otherwise appealable action. See Cruz v. Dep't of Navy, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc). Since the appeal was withdrawn, the Board cannot adjudicate Fisher's allegations of discrimination in this action.

We have considered all of Fisher's arguments and hold that the Board properly concluded that it lacked jurisdiction over Fisher's appeal because it was previously withdrawn.[1] Accordingly, we affirm.

---

[1] According to the assertions of the Agency, the three appeals filed by Ms. Fisher alleging that the Agency failed to restore her to duty that were dismissed without prejudice have been reinstated and adjudicated. See Fisher v. United States Postal Serv., M.S.P.B. Docket Nos. DE-0353-02-0393-I-1, DE-0353-03-0072-I-3, and DE-0353-03-0231-I-3, slip op. (Initial Decision, June 29, 2004, which became the Final Decision of the Board on August 3, 2004).