NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3043

NANCY L. FISHER

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:   June 8, 2006

_____

Before RADER, GAJARSA, and DYK, <u>Circuit Judge</u>,

PER CURIAM.

## DECISION

Nancy L. Fisher ("Fisher") petitions this court for review of the September 1, 2005 final decision of the Merit Systems Protection Board ("Board"), dismissing, for lack of jurisdiction, her appeals of the United States Postal Service's ("Postal Service")'s failure to restore her to service after partial recovery from a compensable injury.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9).  For the reasons stated below, we <u>affirm</u> the decision of the Board.

**BACKGROUND**

Fisher was a Rural Carrier for the Postal Service, who suffered an on-the-job injury in 1989 and received workers compensation benefits until 1998, when the Office of Workers' Compensation Programs ("OWCP") determined that there was no objective evidence of Fisher's continuing disability. Consequently, the Postal Service sent Fisher a return-to-work packet, which included a request for updated medical information. Fisher responded with letters from her doctor that spoke principally to her ability to return to work not as a letter carrier, but as a Postmaster, the position in which she sought to be "restored."[1] In fact, the letters made clear that Fisher could not perform the regular duties of her original position as a rural carrier. The Postal Service requested additional medical information regarding her ability to return to duty as a rural carrier, and Fisher subsequently withdrew from the reasonable accommodation process. In May 2003, the Post Office removed Fisher from her position because she could not perform the duties of letter carrier. Fisher appealed that decision, but subsequently withdrew her appeal, and we have elsewhere sustained the MSPB's subsequent dismissal. Fisher v. MSPB, 120 Fed. Appx. 812, 813 (Fed. Cir. 2004) ("Fisher III").

This petition for review stems from a series of appeals that Fisher had filed prior to her removal from the agency, in which she had contested what she characterized as the Postal Service's failure to properly restore her to duty as a partially recovered

---

[1] This sought-after "restoration" would happen to involve quite a promotion, apparently from PS-5 or -6 to EAS-15.

employee. The Administrative Judge ("AJ") joined these appeals, and on June 29, 2004 issued an initial decision, dismissing her claims for failure to state a cause of action upon which relief could be granted. See Fisher v. United States Postal Service, 100 M.S.P.R. 94, Nos. DE-0353-02-0393-I-3, DE-0353-03-0072-I-3, DE-0353-03-0231-I-3 2005 MSPB LEXIS 5105 (MSPB, September 1, 2005) ("Fisher II") (describing proceedings before the AJ in "Fisher I"). The AJ noted the limited standard of review available pursuant to 5 C.F.R. § 353.401(c), now found at § 353.304(c). ("An individual who is partially recovered from a compensable injury may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration.") (emphasis added).

He concluded that the Postal Service had not acted arbitrarily and capriciously in view of Fisher's general failure to adequately assist it in restoring her to an appropriate position. The AJ also noted that under § 353.301(d) Fisher was only "entitled to be considered for the position held at the time of injury, or an equivalent one" and was not entitled to be considered for Postmaster. Pursuant to 5 U.S.C. § 8151(b), Fisher must be considered for promotion-reinstatement only if "the injury or disability has been overcome within one year after the date of commencement of compensation . . . ," which was not the case here. Finally, the AJ found that Fisher had withdrawn her disability discrimination claim, and that such a claim, even if not withdrawn, was mooted in light of his findings regarding her restoration-based appeals.

On September 1, 1995, the Board reviewed the initial decision and held on appeal that as a result of OWCP's 1998 determination, Fisher no longer suffered a compensable injury. The Board observed that such a determination lay "within the

exclusive purview of the OWCP." Absent a compensable injury, moreover, Fisher could not raise a nonfrivolous allegation that the Postal Services had violated her restoration rights, and the Board held that this compelled its dismissal of her claims on jurisdictional grounds. After reopening Fisher's claims for restoration prior to the 1998 OWCP benefit cut-off, the Board likewise dismissed, finding their filing to have been inexcusably untimely.

## DISCUSSION

We must affirm an MSPB decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3) (1994). A decision is supported by substantial evidence when "a reasonable mind might accept [it] as adequate to support a conclusion." Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 933 (Fed. Cir. 1984) (internal quotations omitted).

We can discern no error in the Board's judgment. Pursuant to 5 C.F.R. § 353.304(c) the Board has jurisdiction only over an appeal from "an individual who is partially recovered from a compensable injury . . . for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." The Board has interpreted this regulation, establishing that it requires, as a jurisdictional requisite, a partially recovered employee to allege facts which if proven would show: (1) the appellant was absent from his position due to a compensable injury and continues to receive compensation from OWCP; (2) sufficient recovery to qualify for either part-time work or less demanding work; (3) the appellant's request for restoration was denied;

and (4) the denial was arbitrary and capricious. Chen v. U.S. Postal Serv., 97 M.S.P.R. 527, 533 (2004). Because OWCP determined, unreviewably, that Fisher's injury became non-"compensable" as of December 5, 1998, Fisher is unable as a matter of law to establish that after December 5, 1998 she was "an individual who is partially recovered from a compensable injury." Therefore, the Board had no jurisdiction to hear her claims for restoration as a partially recovered employee submitted after December 5, 1998, and properly dismissed those claims. We find no merit to Fisher's arguments that the Board erred in finding that she failed to satisfy the Chen test. At the very least, there can be no dispute that she was clearly and unmistakably not entitled to compensation, under the first prong of Chen.

Fisher argues that she never withdrew her claims for discrimination or accommodation and that the Board therefore erred in premising its dismissal of her discrimination claims in part on these findings. Even assuming arguendo that Fisher could establish a lack of substantial evidence for the Board's finding regarding withdrawal, the outcome would be unchanged. The Board's dismissal of Fisher's appeals on jurisdictional and timeliness grounds present a legal bar to the Board's consideration of the discrimination claims. See Cruz v. Department of the Navy, 934 F.2d 1240, 1243-44 (Fed. Cir. 1991) (en banc) (holding that where there is no appealable action over which the Board has jurisdiction, the Board may not adjudicate the related discrimination claim).

Fisher's argument that she was improperly denied an opportunity for a hearing is likewise unpersuasive, especially in view of the AJ's notation in the initial decision that he had personally attempted to persuade Fisher to have a hearing, and she refused.

The record also supports the Board's dismissal of her pre-1998 restoration claims as untimely because they were filed on July 31, 2002, more than 30 days after the alleged requests, and Fisher has failed to persuade us of her alleged unawareness of her appeal rights, let alone that such an awareness could, under the facts of this case, excuse her untimely filings. Indeed, in the Petitioner's Brief at Exh. 13, Fisher admits that she "discovered" these rights in 1998, albeit "accidentally." In conclusion, the Board did not err in dismissing her pre-1998 claims based on untimeliness.

Having reviewed all of Fisher's alleged allegations of error, including those discussed above, we conclude that the Board did not err in its dismissal of Fisher's claims. Accordingly, the decision of the Board is affirmed.