**Lionel A. OLSON, Petitioner,**

v.

**DEPARTMENT OF LABOR,
Respondent.**

No. 02–3234.

United States Court of Appeals,
Federal Circuit.

March 31, 2003.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Lionel A. Olson petitions for review of the final decision of the Merit Systems Protection Board ("Board"), Docket No. CH–0752–01–0123–I–1, 2002 WL 236686, affirming the Department of Labor's ("agency") termination of his employment as a Safety and Occupational Health Manager at the agency's Occupational Safety and Health Administration ("OSHA") office in Madison, Wisconsin. Because substantial evidence supports the Board's decision, we *affirm.*

## BACKGROUND

Mr. Olson was employed with OSHA since September 1976. At the time of his removal, he was employed as a Safety and Occupational Health Manager in Madison, Wisconsin. In March 1999, the agency suspended him for 30 days for the following reasons: (1) inappropriate use of government computers by downloading and printing a pornographic photograph from the internet; (2) failure to follow supervisory instructions by downloading software onto a government-owned computer in violation of oral and written instructions to first obtain supervisory approval; (3) unprofessional conduct based on making obscene gestures and disrespectful comments during an inspection briefing about individuals who submit complaints to OSHA; and (4) failure to follow OSHA complaint processing by inappropriately discouraging an employee from filing a complaint and not processing complaints according to established procedures. The agency warned Mr. Olson that any future misconduct could lead to more severe action, including

his removal. Mr. Olson appealed his suspension to the Board, which upheld the decision.

The agency subsequently terminated Mr. Olson's employment effective November 3, 2000, based on two charges: (1) failure to follow supervisory instructions; and: (2) failure to gather and transmit correct data. The first charge was supported by two specifications. The first specification alleged that Mr. Olson failed to comply with three instructions pertaining to an inspection of the Milwaukee Valve Company, including an order to conduct the investigation on a certain day. The second specification alleged that Mr. Olson failed to follow supervisory orders not to download unauthorized software onto a government computer. The second charge claimed that Mr. Olson failed to properly gather and transmit correct data by inaccurately informing his supervisor that all compliance officers were current in their respirator-fit testing and that all had been fit-tested between certain dates.

Mr. Olson appealed the agency's termination decision to the Board. On June 25, 2001, after an evidentiary hearing, an Administrative Judge issued an initial decision affirming the agency's decision. The full Board subsequently issued a final order denying Mr. Olson's petition for review.

Mr. Olson petitions this court for review of the Board's final decision. We have jurisdiction pursuant to 5 U.S.C. § 7703.

## DISCUSSION

▋ We must affirm a Board decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedure required by the law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2002). Substantial evidence is that which a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion. *Giove v. Dep't of Transp.*, 230 F.3d 1333, 1338 (Fed.Cir.2000). Findings of fact that rest in substantial part on credibility determinations are virtually unreviewable on appeal. *Bieber v. Dep't of Army*, 287 F.3d 1358, 1364 (Fed.Cir.2002).

On appeal, Mr. Olson argues that the Board's affirmance of his termination was based on "factually unsupported assertions and minor mistakes that arguably had been made by [him]." He also contends that the discipline imposed on him was excessive. The government counters that substantial evidence supports the Board's factual findings and the agency's decision to remove Mr. Olson was within the bounds of reasonableness. In affirming the agency's removal decision, the Administrative Judge first found that the agency proved by preponderant evidence that Mr. Olson failed to follow supervisory instructions: (1) by failing to report as instructed to the Milwaukee Valve Company to conduct an inspection as alleged in specification one; and (2) by downloading three software programs onto his government computer in contravention of verbal and written directives from his supervisor not to install any software on his computer without prior supervisory approval as alleged in specification two.[1] The Administrative Judge also found that the agency proved that Mr. Olson failed to properly gather and transmit correct data by inaccurately informing his supervisor that all compliance officers were current in their

---

**1.** The Administrative Judge rejected the agency's allegations in specification one supporting this charge that Mr. Olson failed to follow

two other instructions relating to the inspection at the Milwaukee Valve Company.

respirator-fit testing and that all had been tested between certain dates. The Administrative Judge also determined that the agency demonstrated a nexus between Mr. Olson's removal and the efficiency of service, and that removal was reasonable under the circumstances.

## A. FAILURE TO FOLLOW SUPERVISORY INSTRUCTIONS AND FAILURE TO PROPERLY GATHER AND TRANSMIT CORRECT DATA

■ At the outset, we note that Mr. Olson does not challenge the substantiality of the evidence or dispute the facts on which the Administrative Judge based his factual conclusions. Rather, Mr. Olson requests this court to adopt an alternative view of the evidence. We cannot provide such relief, however, because as a reviewing court it is not our duty to make factual determinations by re-weighing the evidence or re-evaluating witness testimony, but only to review the record to determine whether in the absence of legal error the Board's decision is supported by substantial evidence.

■ We conclude that such substantial evidence does support the Administrative Judge's factual conclusions that Mr. Olson failed to follow supervisory instructions and failed to properly gather and transmit correct data. It is undisputed that although Mr. Olson's supervisor repeatedly instructed him to conduct an inspection at the Milwaukee Valve Company on January 20, 2002, he was in the office that morning when his supervisor called the office. In response to his supervisor's inquiry as to why he was still in the office, he stated that he was not sure if the inspection "was on or off." At the hearing before the Administrative Judge, Mr. Olson did not present any evidence to the Administrative Judge justifying why he believed the inspection might be "off," but rather testi-fied that his supervisor did not adequately explain why she wanted the inspection conducted that day. The Administrative Judge found that this explanation did not legitimately justify why he thought the inspection might be "off" and that he was pretending the inspection was "off" because he did not want to go.

Mr. Olson argues on appeal that other evidence leads to the conclusion that he did not violate his supervisor's instruction and that the Administrative Judge erred in construing his comment to his supervisor on January 20th that he was unsure whether the inspection "was on or off" as a refusal to make the inspection. Mr. Olson also does not dispute that he downloaded three programs onto his computer without permission and that under the agency's directive he needed such permission, but rather contends that the Administrative Judge gave no apparent consideration to other evidence allegedly showing how and why he believed that he was not disobeying any orders. Lastly, Mr. Olson does not dispute that he failed to properly gather and transmit data, but maintains that his error was inadvertent and he corrected the mistake in question in a timely manner. Mr. Olson's challenges to the Board's decision essentially request us to re-weigh the evidence or re-evaluate his testimony, which is relief we cannot provide.

## B. REASONABLENESS OF PENALTY

Mr. Olson next argues that mitigating circumstances including his past work record require that the agency's action be set aside. He complains that he was not progressively disciplined, beginning with counseling and initial warnings, noting that the first discipline imposed was the 30–day suspension and that otherwise he had an excellent work record. He also claims

there was a "personality problem" between him and his supervisor.

Our review of the penalty imposed by the agency is "highly deferential." *Webster v. Dep't of Army*, 911 F.2d 679, 698 (Fed.Cir.1990); *Mazares v. Dep't of Navy*, 302 F.3d 1382, 1386 (Fed.Cir. 2002) ("Unless the penalty is totally unwarranted or grossly disproportionate to the misconduct, we will not overturn it."). The Administrative Judge here found that: (1) Mr. Olson's offenses, particularly his failure to follow instructions not to download programs onto his computer, are serious; (2) his position is high level and requires independent action and the agency's trust; (3) he was previously suspended for misconduct including failure to follow supervisory instructions by downloading unauthorized programs onto his government computer and, thus, was clearly on notice not to download any more programs; and (4) the sustained charges in this case underscore his lack of potential for rehabilitation and his inability and unwillingness to submit to his supervisor's authority. Moreover, the Administrative Judge specifically found that Mr. Olson's refusal to accept responsibility for his misconduct was "startling." Under these circumstances, we will not disturb the Board's conclusion that the penalty of removal was reasonable.

Accordingly, we affirm.