NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROSETTA R. BROWNE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3136

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-13-7373-I-1.

---

Decided: December 21, 2015

---

ROSETTA R. BROWNE, Buford, GA, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, PLAGER, and REYNA, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Rosetta Browne asks this court to reverse the Merit Systems Protection Board's dismissal of the appeal of her alleged involuntary retirement.[1]  Having considered the arguments and the trial proceedings, and particularly the issues of credibility raised by Ms. Browne, we affirm the Board's decision.

## BACKGROUND

Ms. Browne was employed as a Supervisory Associate Advocate in Taxpayer Advocate Services within the Internal Revenue Service.  In January 2011 workplace issues arose between Ms. Browne and her secretary Denise McGrain, and each made multiple complaints to management.  These issues escalated, culminating in an altercation wherein Ms. McGrain allegedly threw a 3-ring binder at Ms. Browne.  Ms. Browne reported the incident to the Treasury Inspector General for Tax Administration.  Ms. Browne describes various actions by her first-level and second-level supervisors, and states that she continued to experience a hostile work environment, causing her to retire, effective January 3, 2013.

Ms. Browne filed an appeal with the MSPB, stating that her retirement was involuntary and therefore a constructive removal.  Her allegations included that her supervisors and an EEO director suggested that she resign; that her telework was forced; that her alternative detail was comprised of light clerical work lacking substance; that she overheard her supervisor laughing in a derisive fashion when speaking about her behind closed doors; that she was not given any "collegiality or courtesy"

---

[1]    *Browne v. Dep't of the Treasury,* MSPB Docket No. AT-0752-13-7373-I-1 (Initial Decision, August 10, 2014; Final Order, March 4, 2015).

during her detail; and that she was informed she was to be permanently reassigned to an analyst position.

The AJ conducted a hearing, at which Ms. Browne testified and the Agency presented witnesses. The AJ found that, even if Ms. Browne's allegations were all true, they did not establish by a preponderance of the evidence that the Agency's actions made working conditions so unpleasant that a reasonable person in her position would have felt compelled to retire or resign. Applying the standards established by precedent, the AJ found that Ms. Browne's retirement was voluntary.

Ms. Browne filed a petition for review with the Board, stating that the AJ made incorrect findings of fact and drew incorrect conclusions of law based on those findings. Ms. Browne stated that the AJ improperly rejected some of Browne's requested witnesses, and that the AJ had failed to consider her mental condition, allegations of discrimination, and allegations of whistleblower reprisal.

The full Board affirmed the AJ's findings, and adopted the AJ's decision. The Board found no error in the AJ's exclusion of certain witnesses. This appeal followed.

## DISCUSSION

Although Ms. Browne had made allegations of discrimination, the MSPB's decision was on the ground that her retirement was voluntary, so we have jurisdiction. *See Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1120–21 (Fed. Cir. 2013) ("[T]he plain language of section 7702(a)(1) dictates that when the Board dismisses a purported mixed case appeal for lack of jurisdiction, any appeal from that decision is to this court.").

A voluntary action is not an appealable action. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328–29 (Fed. Cir. 2006) (en banc). Thus the threshold question is whether Ms. Browne's retirement was taken under such extreme conditions as to be deemed involuntary. *Shoaf v.*

*Dep't of Agric.*, 260 F.3d 1336, 1340–41 (Fed. Cir. 2001). If the employee makes a nonfrivolous allegation of involuntary retirement or resignation, she is entitled to a hearing at which she must prove, by a preponderance of the evidence, that the retirement or resignation was not voluntary, and thus is tantamount to an adverse action. *Shoaf*, 260 F.3d at 1341.

Involuntary action may be manifested in a variety of ways. Applied to Ms. Browne, a retirement or resignation may be shown to be involuntary when the agency "creat[ed] working conditions so intolerable for the employee that he or she is driven to involuntarily resign or retire." *Shoaf*, 260 F.3d at 1341; *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123 (Fed. Cir. 1996); *Christie v. United States*, 518 F.2d 584, 587 (Ct. Cl. 1975). This court has adopted the so-called "*Fruhauf* test" for establishing coercion by an agency:

> To establish involuntariness on the basis of coercion this court requires an employee to show: (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency.

*Shoaf*, 260 F.3d at 1341; *see Fruhauf Sw. Garment Co. v. United States*, 111 F. Supp. 945, 951 (Ct. Cl. 1953). In evaluating involuntariness, the proper test is "an objective one," *Christie*, 518 F.2d at 587, that "consider[s] the totality of the circumstances," *Shoaf*, 260 F.3d at 1342. The employee must "establish that a reasonable employee confronted with the same circumstances would feel coerced into resigning." *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed. Cir. 1999); *see also Shoaf*, 260 F.3d at 1342. Precedent emphasizes that freedom of choice is a central issue. As explained in *Staats*,

> [coercive involuntariness] does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave. As this court has explained, the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary.

99 F.3d at 1124.

Precedent establishes that "the doctrine of coercive involuntariness is a narrow one" requiring that the employee "satisfy a demanding legal standard." *Id.* Thus, "employee resignations are presumed to be voluntary [and] this presumption will prevail unless plaintiff comes forward with sufficient evidence to establish that the resignation was involuntarily extracted." *Christie*, 518 F.2d at 587. Ms. Browne urges that the MSPB incorrectly decided or failed to take into account various facts, applied the wrong law, and failed to consider important grounds for relief.

The Board's factual determinations are sustained if they are supported by substantial evidence. 5 U.S.C. § 7703(c)(3). "As a reviewing court, it is not our duty to make factual determinations by reweighing the evidence or reevaluating witness testimony, but only to review the record and determine whether, in the absence of legal error, the Board's decision is supported by substantial evidence." *Olson v. Dep't of Labor*, 60 F. App'x 818, 821 (Fed. Cir. 2003). It is "necessary for the court to 'canvas' the entire record, because '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Spurlock v. Dep't of Justice*,

894 F.2d 1328, 1330 (Fed. Cir 1990) (quoting *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474, 488 (1951)).

We have considered the arguments and reviewed the record, including the recorded proceedings conducted by the AJ. Although Ms. Browne states that almost all of the Agency's witnesses "lied about everything" to protect their careers or reputations, the AJ found the witnesses to be credible.

Ms. Browne attributes to the AJ both bias and inappropriate comments and actions. Our review of the recorded proceedings did not uncover bias or inappropriate comments by the AJ, and Ms. Browne has not identified any specific objectionable act or comment. It appears that the Agency's attorney made inappropriate off-the-record comments that were inadvertently captured on the recording; however, these comments do not overcome the substantial evidence in support of the AJ's decision.

Ms. Browne also criticizes her own attorney. For example, she alleges that the exclusion of certain Appellant witnesses was not objected to at the appropriate time, nor were claims of constructive demotion or suspension included in the initial statement to the MSPB. However, "[i]t is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed. Cir. 1986); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). Attorney malfeasance is not apparent on the record, and Ms. Browne has not shown that the outcome was prejudiced. It also appears that the now alleged deficiencies were not raised at the MSPB.

The Board's factual findings are supported by substantial evidence on the record, and the conclusion that Ms. Browne's retirement was voluntary is in accordance with law and the criteria required by precedent. The MSPB's action is affirmed.

No costs.

**AFFIRMED**