**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GABRIEL KOTSIS,
           Appellant,

      v.

DEPARTMENT OF
    TRANSPORTATION,
           Agency.

DOCKET NUMBER
AT-0432-16-0006-B-1

DATE: April 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gabriel Kotsis</u>, Atlanta, Georgia, pro se.

<u>Dolores Francis</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his performance-based removal. On petition for review, among other things, the appellant attributes his failure to respond to the administrative judge's orders below to his representative's failure to timely inform him of the termination of his representation. Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

In the remand proceedings below, the administrative judge ordered the parties to advise him whether additional discovery or reconvening of the hearing would be required pursuant to the Board's August 9, 2022 Remand Order. *Kotsis v. Department of Transportation*, MSPB Docket No. AT-0432-16-0006-B-1, Remand File (RF), Tab 5 at 1. Because neither party responded, the administrative judge issued a close of record order setting a date by which additional evidence and argument must be received. RF, Tab 6 at 1. Neither party responded to this order either. The administrative judge then issued a remand initial decision, affirming the appellant's removal and finding his affirmative defenses without merit.

In his pro se petition for review, the appellant appears to attribute his failure to respond to the administrative judge's orders to his representative's failure to timely inform him of the termination of his representation. *Kotsis v. Department of Transportation*, MSPB Docket No. AT-0432-16-0006-B-1,

Remand Petition for Review (RPFR) File, Tab 1 at 4. Although an appellant is bound by the errors of his chosen representative, the Board has held that, when an appellant's diligent efforts to prosecute his appeal were thwarted by his representative's negligence or malfeasance, the appellant and his representative were not acting as one, and the representative's negligence or malfeasance should not be attributed to the appellant. *Caracciolo v. Office of Personnel Management*, 86 M.S.P.R. 601, ¶ 5 (2000). Here, it is not clear from the petition for review or the circumstances that the appellant's prior representative committed negligence or malfeasance such that relief would be appropriate. After the appellant's representative filed the petition for review in the initial appeal, the appellant filed his reply to the agency's response as well as the motion to excuse the untimely filing of his reply, both pro se. *Kotsis v. Department of Transportation*, MSPB Docket No. AT-0432-16-0006-I-1, Petition for Review File, Tabs 4, 6. These pleadings indicate that the appellant should have been aware when he filed them in 2016 that his prior representative had ceased representing him. This was many years before the Board's August 2022 Remand Order and subsequent proceedings. Further, the circumstances indicate that the appellant was less than diligent in prosecuting his appeal during the remand proceedings.

In his petition for review, the appellant states that he was informed when he visited his representative's firm's offices in person on October 11, 2022, after the issuance of the remand initial decision, that his representative no longer worked for the firm and the firm no longer represented him in his appeal. RPFR File, Tab 1 at 4. Because the appellant was a registered e-filer, it can be presumed that he received both the administrative judge's September 6, 2022 Order inviting the parties to request discovery or a hearing and the September 14, 2022 Close of Record Order stating that neither party had done so. RF, Tabs 5-6; *see* 5 C.F.R. § 1201.14(m)(2) (documents served electronically on registered e-filers are deemed received on the date of electronic submission). Yet

the appellant's statements indicate that he chose to wait until after the October 6, 2022 Remand Initial Decision to first contact his representative about the remand proceedings. RPFR File, Tab 1 at 1. It thus appears that the appellant's failures to respond to the administrative judge's orders in the remand proceedings were attributable foremost to his failure to diligently prosecute his appeal. *See Rowe v. Merit Systems Protection Board*, 802 F.2d 434, 438 (Fed. Cir. 1986) (stating that an appellant has a personal duty to monitor the progress of his appeal at all times and not leave it entirely to his attorney). Under these circumstances, we find that the appellant is not entitled to any relief regarding this issue.[2]

---

[2] The appellant raises several new arguments on review, namely what appears to constitute an age discrimination affirmative defense and claims related to his performance appraisals and his supervisor's feedback. RPFR File, Tab 1 at 5-6. The appellant failed to raise these claims below or show that they are based on new and material evidence not previously available despite due diligence, and we thus decline to consider them. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). In any event, the evidence is insufficient to support an age discrimination affirmative defense or the appellant's claim regarding his 2017 performance appraisal, and the appellant's claim that the deciding official did not give him performance feedback has no bearing on whether the agency proved the elements of a performance-based removal under 5 U.S.C. chapter 43. The appellant also appears to raise on review a national origin discrimination affirmative defense, which he raised in his initial appeal but at no point thereafter until the petition for review of the remand initial decision. RPFR File, Tab 1 at 5; *Kotsis v. Department of Transportation*, MSPB Docket No. AT-0432-16-0006-I-1, Initial Appeal File (IAF), Tab 1 at 16. Pursuant to *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18, we find that the appellant has abandoned this affirmative defense. In his "statement of the issues" in his prehearing submission in the initial appeal, the appellant asserted affirmative defenses of equal employment opportunity reprisal and disability discrimination, but none else. IAF, Tab 26 at 4. He did not mention a national origin discrimination affirmative defense again after initially raising it in his appeal, did not object to the summary of the prehearing conference omitting the defense despite specifically being afforded the chance to object, was represented during the course of the appeal at least until his reply in the initial appeal's petition for review proceedings, and there is no indication that his presumptive abandonment of the defense was the product of confusion or information provided by the agency or the Board. IAF, 28 at 1, 5-10; Hearing Recording (opening remarks of the administrative judge). Thus, we discern no reason to address this argument further. *Thurman*, 2022 MSPB 21, ¶ 17. In addition, the record evidence does not support such an affirmative defense.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.