# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY STEINBERG,
      Appellant,

    v.

DEPARTMENT OF COMMERCE,
      Agency.

DOCKET NUMBER
NY-0752-19-0094-I-1

DATE: May 30, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael Ranis</u>, Esquire, Goshen, New York, for the appellant.

<u>Josh Hildreth</u> and <u>Michael Gridley</u>, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his adverse action appeal with prejudice for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed the instant appeal arguing that the agency forced him to involuntarily retire or resign from his position as a GS-13 Patent Examiner.[2] Initial Appeal File (IAF), Tab 1 at 1, 7. In processing the appeal, the administrative judge issued an order instructing the parties to attend a telephonic status conference. IAF, Tab 6. She then issued a second order directing the appellant to file evidence and argument amounting to a nonfrivolous allegation that his claim of involuntary resignation or retirement was within the Board's jurisdiction. IAF, Tab 14 at 3. The appellant failed to appear for the status conference and did not submit a response to the administrative judge's order to file evidence and argument. IAF, Tab 15. The administrative judge then issued a third order which contained two separate orders—one order to the appellant to file a pleading demonstrating good cause for his failure to comply with the scheduling order and another order to both parties instructing them to attend a rescheduled status conference. *Id.* The appellant did not respond to the order and did not appear for the rescheduled status conference. IAF, Tab 16. The

---

[2] In one place in his initial appeal form, the appellant stated that he suffered a "termination of employment and involuntary retirement," and in another place, he checked a box indicating that he suffered an "involuntary resignation." Initial Appeal File, Tab 1 at 7.

administrative judge issued an order and summary of the conference call indicating that, because the appellant had failed to follow four Board orders, she planned to dismiss his appeal. *Id.* She provided both parties with 5 days to object and informed them that her orders and findings therein would become final and would not be modified without a showing of good cause. *Id.* The appellant did not object to the administrative judge's order and findings, and, 6 days later, the administrative judge issued an initial decision dismissing his appeal for failure to prosecute. IAF, Tab 17, Initial Decision (ID).

The appellant, through his attorney, has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The attorney explains that he experienced personal hardship because his wife had experienced serious health issues for the prior 6 months, and he was her primary caretaker. *Id.* at 4. According to the attorney, this led to a lack of care in reviewing the appellant's case.[3] *Id.* The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

An administrative judge may impose the sanction of dismissal with prejudice if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000); 5 C.F.R. § 1201.43(b). The imposition of such a severe sanction must be used only when necessary to serve the ends of justice, as when a party has failed to exercise basic due diligence in complying with an order, or has exhibited negligence or bad faith in his efforts to comply. *Chandler*, 87 M.S.P.R. 369, ¶ 6; *see Leseman*, 122 M.S.P.R. 139, ¶ 6. When an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the imposition of the sanction of dismissal for failure to prosecute has been found appropriate. *Turner v. U.S. Postal Service*,

---

[3] The petition for review also discusses the merits of the alleged involuntary resignation. PFR File, Tab 1 at 5. Because we affirm the initial decision dismissing the appellant's appeal, we do not reach the merits of the appellant's appeal.

123 M.S.P.R. 640, ¶ 16 (2016), *aff'd*, 681 F. App'x 934 (Fed. Cir. 2017); *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011); *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007). Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of sanctions, including the sanction of dismissal with prejudice. *See Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶ 9 (2008).

Here, the administrative judge did not abuse her discretion in imposing the sanction of dismissal for failure to prosecute. The record supports her finding that the appellant failed to respond to four Board orders, despite an indication in the final order prior to the issuance of the initial decision that dismissal for failure to prosecute would result if he did not establish good cause for failing to respond to the prior orders. IAF, Tabs 6, 14, 15-16. The Board has affirmed the dismissal of an appeal for failure to prosecute under similar circumstances. *Benton v. Department of the Interior*, 47 M.S.P.R. 200, 203 (1991) (finding no error in the administrative judge's dismissal for failure to prosecute when the appellant repeatedly failed to comply with Board orders despite being placed on notice that his appeal might be dismissed on the continuing failure to comply with orders).

Although the appellant's counsel has urged the Board to consider the failure to comply with the administrative judge's orders to be his error and not the appellant's, it is well-settled that an appellant is responsible for the error, action, or inaction of a chosen representative. *Smith v. U.S. Postal Service*, 111 M.S.P.R. 341, ¶ 9 (2009); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). A limited exception exists where an appellant has proven that his diligent efforts to prosecute his case were thwarted by the representative's deception and negligence. *Miller v. Department of Homeland Security*, 110 M.S.P.R. 258, ¶ 11 (2008); *Dunbar v. Department of the Navy*, 43 M.S.P.R. 640, 643-45 (1990). In this case, the appellant has not asserted nor shown that he

independently and diligently made efforts to prosecute his case but that his counsel prevented him from doing so. Therefore, he is bound by his representative's inaction. *See Smith*, 111 M.S.P.R. 341, ¶ 9.

Even considering the appellant's counsel's explanation that he had to care for his ill wife, however, the Board has held that an appellant's attorney's need to assist his wife during her illness does not constitute good cause. *See, e.g., Murphy v. Department of the Treasury*, 91 M.S.P.R. 239, ¶ 8 (2002) (considering "good cause" in the context of the timeliness of a petition for review). While we are sympathetic to the appellant's counsel's hardships as a result of his wife's illness, an appellant nonetheless has a personal duty to keep abreast of his appeal and to take personal responsibility for prosecuting it. *See Rowe v. Merit Systems Protection Board*, 802 F.2d 434, 438 (Fed. Cir. 1986) (stating that an appellant has "a personal duty to monitor the progress of his appeal at all times and not leave it entirely to his attorney"). In this case, he did not so do, and we agree with the administrative judge that dismissal for failure to prosecute is the appropriate disposition of the appeal.

Accordingly, we DENY the appellant's petition for review and AFFIRM the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.